IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:07-776-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Kenneth Myrick Powers, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion to vacate, filed in this court pursuant to 28 U.S.C. § 2255. The Government has moved for summary judgment, and Defendant has responded in opposition. On November 30, 2009, Defendant was ordered to supplement his filings with an affidavit regarding issues surrounding his direct appeal. Defendant filed an affidavit on December 10, 2009, and this matter is ripe for review.

### BACKGROUND

On June 21, 2007, Defendant was charged with possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e). Defendant entered into a plea agreement with the Government, and entered a guilty plea to the felon-in-possession charge on January 8, 2008. In preparation for sentencing, the United States Probation Office prepared a Presentence Report (PSR). The PSR determined that Defendant was an armed career criminal, thereby qualifying him for the application of an enhanced sentence under 18 U.S.C. § 924(e).

At sentencing, Defendant's counsel presented and argued Defendant's objections to the PSR relating to Defendant's criminal history, arguing that Defendant did not have the sufficient number of separate prior predicate convictions for application of the enhanced sentence. *See* Sentencing Tr. at 3-4 (Dkt. #85, filed Nov. 24, 2009). After review of the individual indictments and judgments

1

relating to Defendant's previous burglary convictions, Defendant's objections were overruled and Defendant was found to be an armed career criminal. Defendant was sentenced to 180 months' imprisonment, and Defendant was advised of his appeal rights. *Id.* at 16-17.

The criminal Judgment Order was entered April 23, 2008. Defendant did not appeal. He timely filed the present motion on April 6, 2009.

### GROUND ONE – INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's first ground for relief contends that he directed his attorney to file a direct appeal. In response to this allegation, Defendant's counsel, Kenneth Mathews, submitted an affidavit averring that "Mr. Powers indicated that he did not wish to appeal the sentence. Pursuant to the court's directive in this regard, I obtained a written statement from Mr. Powers confirming that he did not wish to appeal . . . . At no time did Mr. Powers communicate to me that he had change[d] his mind, and wanted to appeal." Affidavit of Kenneth M. Mathews at 2 (Dkt. # 72-2, filed June 25, 2009). The Government also attached a copy of the waiver to its Memorandum in Support of the Motion for Summary Judgment. *See* Dkt. # 72-1. In response, Defendant submitted an unsworn reply wherein he indicated that he did ask counsel to file an appeal, and that when he signed the waiver dated May 1, 2008, he was on "medication [and] I didn't know exactly what he [Mathews] or I was doing." Attach. to Resp. to Mot. at 1 (Dkt. # 80-2, filed Aug. 3, 2009).

On November 30, 2009, the court ordered that Defendant submit an affidavit indicating his directions to counsel and the type and amount of medication he was taking when he signed the waiver of appeal. On December 10, 2009, Defendant submitted an affidavit to this court wherein he averred that he directed counsel to file an appeal "[o]nce in the courtroom after sentence was passed and again [ ] 9 or 10 days later . . . ." Aff. of Kenneth M. Powers at 1 (Dkt. #88, filed Dec. 10, 2009).

2

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91. An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

In certain circumstances, an attorney is constitutionally required to "consult" with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). The Court stated

in *Flores-Ortega* that an attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing. *Id.* at 480. In assessing whether an attorney had a constitutional duty to consult, the Court indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. *Id.* In cases involving guilty pleas, the Court instructed lower courts to consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." *Id.*

As to the prejudice prong of the *Strickland* test, the Court observed that a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal. *Id.* at 483. Thus, where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the "forfeiture" of the appellate proceeding. *Id.* If the defendant did not so instruct his attorney and his attorney subsequently did not fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal. *Id.* at 486. Whether the defendant has met the prejudice standard "will turn on the facts of [the] particular case." *Id.* at 485. However, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination." *Id.* In demonstrating prejudice, the defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." *Id.* at 486.

In his original § 2255 motion and supporting material, Defendant contends counsel did not file an appeal "as [r]equested," Mot. at 6 (Dkt. #55, filed Apr. 6, 2009). In opposition, defense counsel Kenneth M. Mathews avers that "Mr. Powers indicated that he did not wish to appeal the

4

sentence. Pursuant to the court's directive in this regard, I obtained a written statement from Mr. Powers confirming that he did not wish to appeal . . . ." Affidavit of Kenneth M. Mathews at ¶ 6 (Dkt. #72-1, filed June 25, 2009). In his affidavit filed December 10, 2009, Defendant avers that he asked counsel to file an appeal in the courtroom after sentencing, and when counsel came to visit Defendant after sentencing. Aff. of Kenneth M. Powers at 1 (Dkt. #88-1, filed Dec. 10, 2009).

In a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. S*ee also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) ( hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion). Therefore, because the record does not conclusively show that Defendant is not entitled to relief, the court must hold an evidentiary hearing on this issue, the specifics of which are addressed in the Conclusion.

### GROUND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL – INVOLUNTARY PLEA

Defendant's second ground for relief contends that his plea was not knowing and voluntary, and that counsel "[p]rovided misadvice by telling me I would not receive an armed career criminal enhancement and that the prosecutor had made an oral agreement stipulation to that fact." Mot. at 8 (Dkt. #55, filed Apr. 6, 2009). The Government has responded in opposition.

The sworn statements Defendant made during his plea colloquy bar his subsequent averments to the contrary. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003); *see Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975) ( "[T]he accuracy and truth of an

5

accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). "To allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge*, 431 U.S. at 71.

During his plea colloquy, Defendant indicated that he had not been promised anything that was not contained in his plea agreement (Change of Plea Tr. [hereinafter "Plea Tr."] at 12, Dkt. #64, filed May 12, 2009); that he understood that his prior record potentially exposed him to a statutory fifteen-year mandatory minimum sentence of imprisonment (Plea Tr. at 19-20); that he understood the interaction between a statutory mandatory minimum and the sentencing guidelines (Plea Tr. at 29-30); and that knowing the trial rights he would be forfeiting and the potential sentence to which he might be exposed based upon his prior record, he still wished to plead guilty (Plea Tr. at 33).

As noted above, Defendant would need to make some reasonable allegation as to why the statements he made under oath at his Rule 11 hearing were not accurate. Defendant contends in his response to the Government's motion for summary judgment on this ground that he "is not calling attention to or [challenging] his plea of [guilty]." Resp. at 2 (Dkt. #80, filed Aug. 3, 2009). Defendant essentially contends that he was told he would receive a reduction in his sentence based upon his entry of a guilty plea, which would, under the Guidelines, allow for the application of acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Based upon Defendant's statements during the colloquy of his guilty plea, which he acknowledges he does not challenge, this ground is without merit. Defendant was aware of the potential statutory mandatory minimum sentence to which he might be exposed based upon his prior record, and that this statutory mandatory minimum would

6

be unaffected by any calculation of Defendant's sentencing guidelines.

Therefore, the Government's motion for summary judgment as to Defendant's second ground for relief is **granted** and this ground is dismissed with prejudice.

### GROUND THREE – PROSECUTORIAL MISCONDUCT – BREACH OF PLEA AGREEMENT

Defendant's third ground for relief contends that the Government made an oral agreement with him that his prior record would not be counted against him as it was. Mot. at 7 (Dkt. #55, filed Apr. 6, 2009). The Government has responded in opposition.

This ground is without merit. As noted above, Defendant acknowledged that he knew at the time he entered his guilty plea that the Government contended his prior record exposed him to the fifteen-year mandatory minimum sentence, and that he (Defendant) disagreed. Plea Tr. at 19-20. Moreover, Defendant indicated, under oath, that he had not been promised anything other than what was contained in the plea agreement. Plea Tr. at 12. Therefore, the Government's motion as to this ground for relief is **granted** and it is dismissed with prejudice.

### CONCLUSION

The Government's Motion for Summary Judgment is **granted in part.** A hearing is set in this matter for **March 10, 2010 at 9:30 a.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue of whether Defendant directed counsel to file a notice of appeal. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints the Federal Public Defender pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 13, 2010